UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 5:16-cr-28 |
| | ) |
| ANDREW CRUZ, | ) |
| | ) |
| Defendant. | ) |

**ORDER**
**(Docs. 262, 299)**

On August 17, 2020, the Magistrate Judge issued a Report and Recommendation (R&R) (Doc. 299) on Defendant's pending motion under 28 U.S.C. § 2255 to vacate, correct, or set aside his sentence (Docs. 262, 284). Upon Defendant's request, the court extended the deadline to file an objection to the R&R until March 31, 2021. (Docs. 300, 302, 308, 309.) This deadline has passed and Defendant, who represents himself, has not filed an objection to the R&R. Accordingly, after careful review of the file and the Magistrate Judge's thorough Report and Recommendation, the Report and Recommendation is AFFIRMED, APPROVED and ADOPTED. *See* 28 U.S.C. § 636(b)(1).

As noted in the R&R, Defendant filed a motion under 28 U.S.C. § 2255 to vacate, correct, or set aside the sentence imposed in 2018 as a result of his plea of guilty to one count of conspiracy to distribute heroin and more than 28 grams of cocaine base and one count of possession of a firearm in furtherance of a drug trafficking crime. (Doc. 262.) The motion, as supplemented (Doc. 284), makes three claims for relief: first, that the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), entitles Defendant to relief; second, that Defendant received ineffective assistance of counsel; and, third, that Defendant's conviction was improper because

he did not "use" a firearm within the meaning of *Bailey v. United States*, 516 U.S. 137 (1995). As the R&R explains, none of these arguments for relief succeeds.

The R&R identifies the two barriers to Defendant's claim for relief under the First Step Act. First, the text of that Act makes clear that its amendments to the requirements for multiple § 924(c) convictions apply only to sentences that have "not been imposed" at the time of enactment. *See* 132 Stat. 5221. In the Second Circuit, "it is the oral sentence which constitutes the judgment of the court." *United States v. Marquez*, 506 F.2d 620, 622 (2d Cir. 1974) (cleaned up). Because the court announced Defendant's sentence on December 13, 2018 (Doc. 236), and the First Step Act was not enacted until December 21, 2018, *see* 132 Stat. 5194, Defendant's sentence was imposed before the Act was enacted and the Act does not apply to Defendant's sentence. Second, contrary to Defendant's contention, the Act neither modified the definition of "drug trafficking crime" under § 924(c)(1)–(2) nor affected the mandatory five-year minimum sentence required by § 924(c)(1)(A), the statutory provision under which Defendant pled guilty. Consequently, the First Step Act does not entitle Defendant to the relief sought.

The R&R likewise properly concludes that Defendant's claim for ineffective assistance of counsel falls short of the stringent standard established in *Strickland v. Washington*, 466 U.S. 688, 693 (1984), which requires a defendant to "affirmatively prove prejudice" caused by representation that fell below "an objective standard of reasonableness." As the R&R explains, Defendant's conclusory allegations are insufficient to establish prejudice caused by his counsel's non-filing of an appeal. Furthermore, because the First Step Act does not apply to Defendant's case, Defendant cannot show that counsel's advice regarding the First Step Act was objectively unreasonable.

Finally, the R&R correctly points out that, in the aftermath of *Bailey v. United States*, 516 U.S. 137 (1995), Congress expanded the scope of § 924(c)(1) to encompass "possess[ing] a firearm." *See United States v. O'Brien*, 560 U.S. 218, 232–33 (2010). Consequently, *Bailey*'s "active employment" requirement does not bar Defendant's conviction for "possessing" a firearm and cannot provide a basis for an ineffective assistance of counsel claim.

For the foregoing reasons, the Report and Recommendation (Doc. 299) is AFFIRMED, APROVED, and ADOPTED. Defendant's motion to vacate, correct, or set aside his sentence (Doc. 262) is DENIED.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 5th day of May, 2021.

Geoffrey W. Crawford, Chief Judge
United States District Court

3